No. 23,922.

## The Brunswick-Balke-Collender Company, *Appellee*, v. Gust Witt, *Appellant*.

### SYLLABUS BY THE COURT.

1. REPLEVIN—*Billiard Tables—Verdict Sustained by Evidence.* The defense to an action in replevin raised merely the question of fact as to the ownership of the property, which the jury settled in favor of the plaintiff. There being abundant evidence to sustain the verdict, the judgment is affirmed.

2. SAME—*Value of Property—Evidence.* Evidence examined and held sufficient to sustain a finding of the jury as to the value of the special interest of the plaintiff.

Appeal from Stafford district court; DANIEL A. BANTA, judge. Opinion filed October 7, 1922. Affirmed.

*Ray H. Beals,* of St. John, for the appellant.

*D. H. Donnelly,* of Stafford, for the appellee.

The opinion of the court was delivered by

PORTER, J.: The plaintiff, a corporation, is engaged in manufacturing and selling billiard tables and equipment therefor. It brought suit in replevin for the possession of three pocket-billiard tables and equipment, claiming a special ownership therein by virtue of a chattel mortgage executed by L. H. Howard, to whom the company sold the tables. The defendant claimed that he paid the full consideration to the plaintiff for the property and was entitled to the possession and ownership. Plaintiff prevailed, and the defendant appeals.

The evidence of the plaintiff showed that in July, 1920, L. H. Howard, who lived at Hudson, Kan., came to plaintiff's place of business in Kansas City, Mo., examined the stock, and signed a contract for the purchase of the tables, at the price of $1,169.19, which included equipment. He stated to the salesman at the time that another party was loaning him the money with which to make the first payment and that he would return with him later. About 5 o'clock Howard came in with Witt, who looked at the tables and gave his check for the $800. The tables and equipment were shipped to Hudson on a shippers' order bill of lading "Notify L. H. Howard." The bill of lading, together with a chattel mortgage and notes for the deferred payments, were sent to the Hudson State Bank, of which the defendant, Witt, is president, with instructions for the

bank to deliver the bill of lading to Howard upon his executing the notes and mortgage and upon their being placed of record. The directions were followed out. Howard paid the freight and the mortgage was placed of record.

Witt's contention is that he purchased the property from the plaintiff and that the $800 he paid was the full purchase price, and that Howard had no authority to execute the mortgage. The defense raised a mere question of fact, and if it can be said that the evidence offered by the defendant raised any doubt or conflict about the matter, the jury settled it in favor of the plaintiff. In addition to the general verdict the jury returned answers to special questions, finding that the defendant did not purchase the property from the plaintiff, and that the taking of the mortgage was not a scheme or trick between plaintiff and Howard. In the motion for a new trial the defendant complained that there was no evidence to prove the value of the property. The price at which the tables sold less than a year before was in evidence, and the jury apparently attempted to state the value of the plaintiff's special interest in the property, which was just the difference between the initial payment and the amount of the verdict. No substantial reason being suggested why the judgment should be reversed, it is affirmed.

Judgment affirmed.